UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| COMPUTREX INTERNATIONAL, INC. ) | Chapter 7 | |
| A/K/A/ COMPUTREX LOGISTICS ) | | |
| Debtor. ) | Case No. 02-34671 | |
| _____ ) | | |
| GORDON A. ROWE, JR. ) | | |
| BANKRUPTCY TRUSTEE ) | | |
| Plaintiff. ) | A.P. No. 04-3172 | |
| vs. ) | | |
| JAN LOMAN ) | | |
| Defendant. ) | | |
| _____ ) | | |

**MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the defendant's Motion for Summary Judgment, Trustee's Response to Motion for Summary Judgment, and the defendant's Reply to Response of Trustee to Motion for Summary [Judgment]. Upon consideration of the summary judgment motion, the supporting documentation, the response and reply, the Court holds that summary judgment should be granted in part and denied in part.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the debtor's Chapter 7 case pending in this District.

**II.    SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable

to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. *Id*. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.    FACTS

On August 13, 2002, the debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Kentucky. On November 4, 2002, the case converted to a Chapter 7 proceeding and the Court ordered the appointment of a trustee. Gordon A. Rowe, Jr., the plaintiff, was appointed as the Chapter 7 trustee.

On August 10, 2004, the trustee initiated this adversary against Jan Loman, the defendant, alleging that the defendant received several preferential transfers totaling $11,184.04. Following discovery and a hearing on a motion to compel filed by the defendant, the trustee reduced the

amount to $8,481.86, a total derived from five separate transfers made to the defendant from May 17, 2002 to July 8, 2002. According to the trustee, these transfers satisfied the elements of a preferential transfer under 11 U.S.C. § 547. The trustee sought a judgment avoiding these transfers and directing the defendant to return the transfers or the value of the transfers pursuant to 11 U.S.C. § 550(a).

The defendant answered on September 17, 2004, admitting receipt of the payments in question. She explained, however, that the payments constituted reimbursements for expenses she incurred and paid on behalf of the debtor. According to the defendant, the payments were made in a timely fashion during the proper course of business. The Court will treat this allegation as asserting the ordinary course of business preferential defense as set forth in 11 U.S.C. § 547(c)(2).

The defendant now moves for summary judgment asserting the transfers in question qualify as ordinary course of business payments and are thereby immune from recovery by the trustee. Defendant supports her summary judgment motion with her own affidavit swearing that the transfers in question were made during the normal course of the debtor's business.

In the trustee's response to the summary judgment motion, he admits that the transfers were in the nature of expense reimbursements, but added that irregularities existed indicating that the defendant had received several overpayments. According to the debtor's financial records, it appeared to the trustee that the defendant submitted multiple reimbursement requests for the same expenses and received duplicate expense payments from the debtor. Accordingly, the trustee seeks to recover these overpayments.

**IV.    LEGAL DISCUSSION**

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of

the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence presented by the non-movant is to be believed and all justifiable inferences are to be drawn in favor of the non-moving party. *Id.*

In considering the summary judgment motion, the accompanying affidavit, the response, and the reply, the Court finds that the defendant met her burden of proof showing ordinary course of business status with regard to all of the transfers except the alleged overpayments. The ordinary course of business defense permits a transferee of a preferential payment to prevent the avoidance of that transfer by showing that the transfers in question were made in the ordinary course of business. Congress intended to protect transfers made by debtors that are customarily made, routine, and otherwise ordinary. To prevail on an ordinary course of business defense a defendant must establish that the debt in question was incurred in the ordinary course of business, that it was paid in the ordinary course of business, and finally that it was made according to ordinary business terms. *In re Fred Hawes Organization, Inc.*, 957 F.2d 239 (6th Cir. 1992).

It is clear to the Court that the majority of these transfers were ordinary expense reimbursement payments which qualify under the ordinary course of business defense. The trustee presented no evidence by affidavit or otherwise challenging that the expense reimbursement payments were anything other than ordinary course of business transfers. Common sense dictates that ordinary employee expense reimbursements would not be subject to recovery by the trustee in

a § 547 preference action. Overpayments, however, do not fit into this category and thus <u>are</u> subject to recovery by the trustee, if proven. The trustee identified seven alleged overpayments in his Response to Motion for Summary Judgment. Thus, this case will proceed to trial in order for the trustee to present evidence that these transfers were indeed overpayments and subject to recovery.

      The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|     Debtor. | ) | Case No.  02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|     Plaintiff. | ) | A.P. No.  04-3172 |
| vs. | ) | |
| JAN LOMAN | ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the defendant's Motion for Summary Judgment is granted with respect to the transfers other than the alleged overpayments as set forth in the trustee's Response to Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that this action be set for trial to consider whether the trustee may recover the remaining alleged overpayments.