UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|       Debtor. | ) | Case No.  02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|       Plaintiff. | ) | A.P. No.  04-3172 |
| vs. | ) | |
| JAN LOMAN. | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the defendant's Motion to Dismiss or in the Alternative to Compel Discovery and for Sanctions. The trustee did not file a response to the motion. Upon consideration of the motion, and the record in this case, the Court holds that this adversary proceeding should be dismissed.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the debtor's Chapter 7 case pending in this District.

**II.    FACTS**

1.    On August 13, 2002, the debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Kentucky.

2.    On November 4, 2002, the case converted to a Chapter 7 proceeding and the Court ordered the appointment of a trustee. Gordon A. Rowe, Jr., the plaintiff, was appointed as the

Chapter 7 trustee.

3. On August 10, 2004, the trustee initiated this adversary against Jan Loman, the defendant, alleging that the defendant received several preferential transfers totaling $11,184.04. Following discovery and a hearing on a motion to compel filed by the defendant, the trustee reduced the amount to $8,481.86, a total derived from five separate transfers made to the defendant from May 17, 2002 to July 8, 2002. According to the trustee, these transfers satisfied the elements of a preferential transfer under 11 U.S.C. § 547.

4. The defendant answered on September 17, 2004, admitting receipt of the payments in question and asserting the ordinary course of business preferential defense as set forth in 11 U.S.C. § 547(c)(2).

5. After several discovery extensions caused by the trustee's actions or inactions, the defendant moved for summary judgment on September 20, 2005. The trustee opposed the summary judgment motion indicating that the defendant received, along with the alleged preferential transfers, several payments which the trustee characterized as duplicate payments, *i.e.*, expenses erroneously paid twice to the defendant by the debtor. These duplicate payments totaled $1,152.13.

6. On November 21, 2005, this Court entered its Memorandum and Judgment granting the defendant's motion for summary judgment with respect to all the transfers except the alleged duplicate payments. A separate order was entered setting a discovery deadline of February 20, 2006, and a trial date of March 20, 2006.

7. On February 1, 2006, the defendant filed the motion currently before the Court. In that motion, defendant argues that this adversary should be dismissed due to the trustee's failure

to cooperate with discovery requests. Defendant set forth the dates that discovery was propounded to the trustee, and indicated that the trustee failed to reply within the time allowed by the Federal Rules of Bankruptcy Procedure. Furthermore, the defendant reminded the Court of the trustee's past behavior with respect to discovery abuses. In the alternative to dismissal, the defendant asks the Court to impose sanctions against the trustee and to again order the trustee to comply with discovery requests. The trustee did not respond to this motion.

### III.  LEGAL DISCUSSION

There are several reasons why the Court has decided to grant the defendant's motion to dismiss. First and foremost, is the trustee's failure to properly handle this case. Unfortunately, this case is not an isolated incident and simply follows a pattern of poor handling of the adversaries related to this main bankruptcy case. This action started in August 2004, and after eighteen months, the defendant is still not being provided responses to basis discovery requests. It is apparent to the Court that this adversary proceeding simply does not have a high priority to the trustee, as evidenced by the motion to compel previously filed by the defendant in March, 2005. Furthermore, the discovery deadline is set to expire within a short period of time, and trial is set to be heard a short time after that, and the trustee still refuses to cooperate with simple discovery requests. Such dilatory tactics by the trustee unfairly prejudices the defendant.

The Court could order the trustee to comply with the defendant's discovery requests and award the defendant sanctions, including attorney fees, as clearly would be warranted under Fed. R. Bank. P. 7037. However, considering the small amount in controversy here, the Court believes the better course of action is to simply dismiss the action. Clearly, a continuation of this litigation

to recover such a small sum is not in the best interest of the estate. Indeed, the Court was somewhat surprised the trustee did not dismiss this action after the Court partially granted the defendant's motion for summary judgment. Certainly, the Court appreciates the trustee's zeal in trying to recover every dollar for the estate, but this zeal must be balanced with practicality. It is simply not practical to incur thousands of dollars in legal fees to recover $1,152.13. Such a quest does not serve the estate and indeed burdens the estate to an unacceptable level. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|     Debtor. | ) | Case No. 02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|     Plaintiff. | ) | |
| vs. | ) | A.P. No. 04-3172 |
| JAN LOMAN. | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** this adversary proceeding is **DISMISSED**.